**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TRACY DAVIS,

　　　　Plaintiff - Appellant,

　v.

ROCKLOANS MARKETPLACE, LLC,

　　　　Defendant - Appellee.

No. 23-2593

D.C. No.
3:23-cv-00134-DMS-MMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

　　　　Plaintiff-Appellant Tracy Davis appeals the district court's dismissal with prejudice of her claims under the Telephone Consumer Protection Act (TCPA). The TCPA prohibits making calls to a cell phone, without the recipient's prior consent, "using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A). Davis sought to hold her lender,

---

[*]　　　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rockloans Marketplace, LLC, liable under this provision, alleging hundreds of calls made to her cell phone after she defaulted on a loan.

The district court correctly recognized that Davis failed to allege use of an "automatic telephone dialing system" (ATDS). *See Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021); *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022). Rockloans did not make the calls to Davis using a "random or sequential number generator." *See* 47 U.S.C. § 227(a)(1)(A); *Borden*, 53 F.4th at 1231. Rockloans had Davis's number because she had provided it.

The district court erred, however, in dismissing Davis's entire case on that basis. Section 227(b)(1)(A) is constructed in the disjunctive, so that "there are two ways to violate this provision: using an ATDS *or* [using] an 'artificial or prerecorded voice.'" *Trim v. Reward Zone USA LLC*, 76 F.4th 1157, 1160 (9th Cir. 2023) (emphasis added) (quoting 47 U.S.C. § 227(b)(1)(A)); *see also Duguid*, 592 U.S. at 408 n.8. Thus, a plaintiff may state a TCPA claim by alleging the use of an artificial or prerecorded voice, irrespective of whether an ATDS was used. *See id*. The district court's order does not discuss this aspect of the statute, the authorities interpreting it, or the allegations in the complaint incorporating it.

On appeal, Davis correctly contends this was error. The district court erred as a matter of law by holding that Davis needed to allege use of an ATDS to state a TCPA claim. We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED.**